DEL VALLE v. ANDREU ET AL.

APPEAL from the District Court of Humacao.

No. 64.—Decided November 5, 1906.

UNLAWFUL DETAINER—QUESTIONS OF OWNERSHIP AND PREFERENCE OF TITLES.— In actions of unlawful detainer the preference of one title over another cannot be discussed or determined, nor can the probative value of public documents or other elements of proof be taken into consideration for that purpose, because such matters can only be inquired into in declaratory actions and not in special summary proceedings, such as the action of unlawful detainer, for the decision of which it is necessary to start out from the situation, as to the facts, in which the plaintiff and defendant are respectively found.

ID.—SUFFERANCE.—Where the complaint alleges that the defendant is a tenant at sufferance and the defendant produces no title whatever, the action of unlawful detainer must be sustained.

The facts are stated in the opinion.
*Mr. Arturo Aponte* for appellant.
*Mr. Manuel F. Rossy* for respondent.

Mr. JUSTICE FIGUERAS delivered the opinion of the court.

By public deed executed before a notary in Naguabo, April 4, 1895, Manuel del Valle Atiles purchased from Juan R. Garzot an estate consisting of 534.469 *cuerdas,* situated in the *barrio* of Santiago y Lima in the district of Naguabo, the boundaries of which are described; but which it is unnecessary to set

forth in this opinion. This deed was recorded in the Registry of Property of Humacao in favor of said Manuel del Valle, on May 6, 1895.

Upon the strength of this deed del Valle brought an action of unlawful detainer in the District Court of Humacao on December 26, 1905, alleging as the main ground of his action, that the above mentioned defendants had possessed, without paying any rental whatsoever and at sufferance only, 50 *cuerdas* which form part of his estate and which he has now leased to San Cristóbal Central.

The defendants answered alleging that their father Martín Andreu, was the creditor for a sum of money of Poncio and Francisco Buxó, at that time the owner of the estate referred to by the plaintiff, Del Valle, and as they could not pay the amount of the debt in cash they assigned him in payment the tract of land consisting of 50 *cuerdas* about thirty years ago, agreeing to execute to him the proper deed; that Andreu had been enjoying possession of said 50 *cuerdas,* the subject matter of this proceeding, as owner since that date, and that his heirs, the defendants, had been holding them up to the present time in the same capacity, to the extent that both the original owners and the plaintiff himself, Mr. del Valle, have recognized this right of ownership by external acts.

The case was called for trial on April 25, 1906. The Humacao court, after hearing the pleadings of the parties, the testimony of the witnesses, the documentary evidence introduced and the arguments, reserved judgment, and on May 19 of the aforementioned year rendered judgment holding ''that the law and the facts are in favor of the plaintiff, and, consequently, ordered the defendants to vacate the 50 *cuerdas,* the property of the plaintiff, within a term of twenty days, and in the event of their failing to do so that a writ issue to the marshal for their ejectment, and the restoration of the plaintiff in the possession of said tract of land.''

After furnishing bond in the sum of $500 the defendants appealed from the foregoing judgment.

The record has been received in this Supreme Court and contains a statement of facts, duly approved and signed by the judge of the court of Humacao, Charles E. Foote.

According thereto it is proved by public deeds, a plan, a. certificate of measurement and survey, and by the depositions of Francisco Buxó and Juan R. Garzot, that the latter sold to the plaintiff, Manuel del Valle Atiles, who recorded the deed in his name, an estate of 530.469 *cuerdas* which forms part of another larger estate, called "San Francisco," situated in Naguabo, in the *barrio* of Santiago y Lima.

The defendants have on their part presented in these proceedings an account current, from which it appears that the original owners of the estate now belonging to the plaintiff— that is to say, Francisco and Poncio Buxó, owed Martín Andreu, the father of the three defendants, the sum of 1,756. 42 *pesos* for the sale of bricks and cartage of machinery and other effects, which account contains the approval of Francisco Buxó; and the testimony of Salvador Fulladosa to the effect that from 1876 to 1879 he was the general administrator of the property of Poncio and Francisco Buxó, and that by their direction he placed Martín Andreu in possession of 50 *cuerdas* of land belonging to the estate San Francisco, which were assigned to him in payment of a debt, he does not recollect whether for 2,000 or 2,600 *pesos*. We have the depositions of Francisco Alvarez, Luis Caballer and Rafael Capó who stated that they had always considered the defendants to be the owners of said tract of land, and finally, there was introduced as evidence and accepted by the plaintiff, the record .of possessory proceedings instituted by Martín Andreu, relating to 50 *cuerdas* of land situated in the *barrio* of Santiago y Lima, adjoining lands of the plaintiff Del Valle on one side, which proceedings had been approved on August 31, 1898, and recorded in the Registry. of Property of Humacao on September 16, of the same year.

Now then, the plaintiff, Manuel del Valle Atiles, based his. action of unlawful detainer upon the allegation that the de-

fendant held the 50 *cuerdas* of land at sufferance only, which is nothing but an effect of the tolerance of the owner and can give no right whatever to the possessor. But this has not been established in any way.

The law of unlawful detainer now in force to which this action has conformed is that enacted by our Legislative Assembly, and approved March 9, 1905.

We believe that essentially this law is inspired by book 2, Title XVII, section 1 of the former Law of Civil Procedure, save such modifications as were necessary to harmonize the present act of unlawful detainer with the procedure established by the modern Code of Civil Procedure now in force.

Our belief is justified if we compare the provisions of both, which we may call fundamental, because they determine the persons who have capacity to bring an action of unlawful detainer and against whom such action may be brought.

We refer to sections 1 and 2 of the law of unlawful detainer in force and articles 1562 and 1563 of the former law.

The idea and the words are the same, as will be observed by a mere perusal and comparison of these provisions.

Under these circumstances, and in view of the relation which exists between the first and second sections of the law in force, we cannot sustain the action of unlawful detainer herein prosecuted, even though the plaintiff, Manuel del Valle Atiles, produces a title of ownership to the estate forming the subject matter thereof, because the defendants do not possess it at sufferance, as alleged, nor in any of the capacities to which the second section refers, but as owners.

We cannot discuss or decide in this action the preference of one title over another, nor can the plaintiff successfully allege here violations relating to the probative value of public documents, nor of other elements of proof, because all of this could be considered only in a proper declaratory action, but not in proceedings of so special and summary a character as those of unlawful detainer, for the decision of which it is necessary to start out from the situation as to the facts in

which the plaintiff and the defendant are respectively found. This doctrine is embodied in a number of opinions of the Supreme Court of Spain, especially in that of January 4, 1900, which is a sound doctrine and at least worthy of our respect because it construed articles 1564 and 1565 of the Law of Spain, equivalent to articles 1562 and 1563 of the Law of Civil Procedure formerly in force in Porto Rico, and we have already seen that the last two articles are exactly identical with the first and second sections of the law of unlawful detainer now in force.

There may be some, perhaps, who believe that our present law of unlawful detainer bears at least some resemblance to the law of the State of Texas, but even supposing that this were so, we would always have the same doctrine or the same construction govern the point in controversy.

"Article 2529. On the trial of any case of forcible entry, or forcible detainer, under the provisions of this title, the only issue shall be as to the right to actual possession; and the merits of the title shall not be inquired into." (Tex. Civ. Stat., Vol. 1, p. 994.)

At the public hearing, counsel for the respondent cited in his favor the case of *Pedro Elzaburu* v. *Juan Mollfulleda,* also a case of unlawful detainer, decided in cassation by this Supreme Court on December 20, 1902.

But this case and that now before us are entirely different.

In the former, the plaintiff Elzaburu proved a title of ownership duly recorded in the registry of property, and on the contrary the defendant Mollfulleda did not prove any title whatsoever, not even that he was paying any taxes upon any rural property in the *barrio* and town in which that of Elzaburu was situated, and, consequently, it was shown that he held possession at sufferance only, and this having been the basis of the action of unlawful detainer, it was sustained and the judgment appealed from was thus affirmed.

A perusal of the legal grounds of said decision in the case

of *Elzaburu* v. *Mollfulleda* will show, in view of the different facts, the perfect consistency in the decision of this Supreme Court in that case and in the one now before us.

In view of the reasons stated, the judgment appealed from, rendered by the District Court of Humacao on May 19 of the current year, should be reversed, and, consequently, the action of unlawful detainer brought by Manuel del Valle Atiles against the defendants Eladio, Felix and Tito Andreu and Juan D. Cruz should be dismissed, with the costs against the appellant, Del Valle.

*Decided accordingly.*

Chief Justice Quiñones, and Justices Hernández, Mac-Leary and Wolf concurred.